MERTON D. HOOVER, APPELLEE, v. JOSEPH DE KLOTZ, APPELLANT.

FILED APRIL 24, 1911.   No. 16,415.

1. **Assault and Battery: RIGHT OF RESISTANCE: LIABILITY FOR DAMAGES.** A person unlawfully assaulted is not bound to retreat to the wall before he may lawfully resist the aggressor with such force as may seem reasonably necessary for his own protection. If, being unlawfully assaulted, he instinctively interposes between himself and the aggressor an edged tool, which the assailant comes in contact with to his injury, the person attacked is not liable in damages therefor.

2. **Trial: WITHDRAWAL OF ISSUE FROM JURY.** If an affirmative defense is supported by sufficient competent evidence, it is error for the court to withdraw that defense from the jury.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.  *Reversed.*

*W. B. Comstock,* for appellant.

*Tibbets & Anderson, contra.*

ROOT, J.

This is an action for damages for an assault and battery. The plaintiff prevailed, and the defendant appeals.

The defendant pleaded self-defense, and that, while he was interposing a meat cleaver between himself and the plaintiff, the latter struck the instrument and wounded himself.  The plaintiff's testimony that the defendant made an unprovoked assault upon him with a cleaver is corroborated by other evidence.  The defendant's testi-

mony that, as the plaintiff suddenly attacked him, he instinctively interposed the cleaver, and the plaintiff struck his arm thereon to his injury, is also corroborated by other testimony. The plaintiff is larger and more powerful than is the defendant, and the parties during the affray occupied common ground.

The court on its own motion instructed the jury as follows: "If one attacks another with a dangerous weapon, without just cause, and that other is injured, then the attacking party must respond to the party attacked in damages. On the other hand, when a person is attacked, it is his duty to flee, if he can do so with safety to himself, before he would kill the attacking party, or inflict upon that party great bodily injury. In other words, as the books have it, the party attacked must retreat to the wall. But by this is not meant that a party must always flee, or even attempt flight. The circumstances of the attack might be such, the weapon with which he is menaced, of such a character, that retreat might well increase his peril. By retreating to the wall is only meant that the party must avail himself of any apparent and reasonable avenues of escape by which his danger might be averted and the necessity of striking his assailant avoided. But, if the attack is of such a nature, the weapon of such a character, that to attempt a retreat might increase the danger, the party need not retreat." This instruction purports to state the conditions upon which the defendant may justify his conduct. The instruction is not applicable to the facts in this case as testified to by either litigant. No witness testifies that the plaintiff was armed with a weapon, nor does the defendant say that the plaintiff attempted to kill him. On the other hand, while the instruction is predicated upon a hypothesis finding no support in the record, it assumes to instruct the jury that, before the defendant may be heard to justify on the ground of self-defense, he must have retreated to the wall, unless by so doing his danger would have been increased. Now, it is plain from the evidence that the defendant would

have been in no greater jeopardy had he retreated, and it is also undisputed that he did not retreat, so that the defendant's defense was by this instruction practically withdrawn from the jury. Authorities are cited by counsel for the respective parties to sustain or to defeat this instruction, but these cases are based upon facts so different, even in their general features, from those in the case at bar that they lend but slight assistance in determining the rule applicable to the instant case. Bearing in mind that the one party had no advantage over the other because of the location where the difficulty occurred, that the plaintiff was not armed with any weapon, and that the defendant does not contend that he believed the plaintiff was thus armed, we should put aside those cases where the plea of self-defense was interposed to a complaint for injuries inflicted in repelling an armed antagonist. This court is not committed to the doctrine that a person unlawfully assaulted must fly to the wall before he may lawfully strike a blow in self-defense, but, on the contrary, we have said as a general proposition that a person unlawfully assaulted may stand his ground and repel force by the exercise of such force as to him reasonably seems necessary to protect his person or property from injury. *Fosbinder v. Svitak*, 16 Neb. 499; *Morris v. Miller*, 83 Neb. 218. While the general proposition is sound, it cannot be successfully invoked to justify the use of force or weapons out of all proportion to the necessities of the case. A meat cleaver in the hands of an adult is a dangerous weapon, and its use to repel an ordinary assault should not be disproportionate to that assault. *Close v. Cooper*, 34 Ohio St. 98; *Foss v. Smith*, 76 Vt. 113; *McQuiggan v. Ladd*, 79 Vt. 90, 14 L. R. A. n. s. 689.

Of course, if the cleaver were raised instinctively by the defendant so that the plaintiff's arm came in contact therewith while he was attempting to strike the defendant, the defendant would not be liable. The plaintiff argues that, because the defendant so testified, the instruction criticised, if erroneous, could not have prejudiced him. We

are of opinion, however, that the defendant could not lawfully use the cleaver, whether by striking the plaintiff or by placing it in position where the plaintiff would collide therewith, without some justification; that his justification in this case is the defense of his person from an unlawful assault, and that, since his requests to charge presented that thought, he was entitled to have the subject fairly presented to the jury in the court's instructions. We do not express any opinion as to the *bona fides* of that defense, but there is sufficient substance in the evidence to entitle the defendant to have his theory of the case submitted to the jury. It was therefore not only error to give the instruction, quoted, but also error not to instruct according to the defendant's theory, presented by the pleadings, the proof, and the requests to charge. *Hancock & Walters v. Stout,* 28 Neb. 301; *Hartwig v. Gordon,* 37 Neb. 657; *Chicago, R. I. & P. R. Co. v. Buckstaff,* 65 Neb. 334; *Hauber v. Leibold,* 76 Neb. 706.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK, J., not sitting.