Bernadine McQuillen, Appellee, v. Al. M. Meyers, Appellant.

No. 41149.

MARCH 8, 1932.

Kane & Cooney and Hugh Stuart, for appellant.

Kenline, Roedell, Hoffmann & Tierney, for appellee.

MORLING, J.—Error is assigned only to instructions. In brief, the plaintiff's claim is that she, with her escort, and one other girl, Miss Dolan, after attending a dance, got into defendant's automobile, which was in the possession of Weidner and was being driven by him with defendant's consent; that the girls asked that they be taken home; that Weidner instead undertook to drive to a roadhouse; that the pavements were frosty and slippery; that Weidner was angrily arguing with Miss Dolan; that the girls protested against the speed at which he was driving and asked him to drive slower, but he paid no attention; that the car swerved; that in rounding a curve Weidner was driving, according to the speedometer and also according to the opinion of the witnesses, 55 miles per hour; that the car skidded and overturned, causing the injuries to recover for which the action is brought.

I. The court defined negligence, but charged that the term "recklessness" is a stronger one than negligence or want of reasonable care; that it indicates an indifference to consequences, a willingness to take a chance when there is present a perception of danger, and in the operation of an automobile signifies the driving of the car in heedless disregard of consequences; that it does not mean momentary thoughtlessness, inadvertence, or error in judgment. Defendant contends that, measured by the standard of recklessness laid down in Siesseger v. Puth, 213 Iowa 164, the instructions were misleading, prejudicial, confusing negligence with recklessness. Instructions are to be considered as a whole. The court further charged that the rate of speed is not alone determinative, but the jury should take into consideration the condition of the road as to surface and contour, the character of the curves, the driver's attention or inattention to management and control, and every other fact and circumstance in the evidence that would aid in determining whether the driver was recklessly operating; that before plaintiff could recover plaintiff must prove that the casualty was caused by reckless operation. In substantial conformity to defendant's request to charge, the court further told the jury that, when one is confronted with a sudden peril and acts with reasonable care in line with the circumstances as they appear to him as a person of ordinary care and prudence, though he takes the more dangerous of two or more means of escape this would

not constitute recklessness; that if the driver was suddenly confronted with ice or a slippery condition of the road and, acting as a reasonably prudent person, adopted the course which he believed would be the safer under all the circumstances, then he would not be guilty of recklessness. The court further charged that the jury should consider the time of night, condition of the road both as to surface and curves, the rate of speed, condition of the ground, position of the automobile immediately after the accident, what, if any, warning was given the driver, and every other fact in evidence which would aid the jury in determining whether the driver operated the automobile recklessly. The Court is of the opinion that under our holding in Siesseger v. Puth, 213 Iowa 164, and Neessen v. Armstrong, 213 Iowa 378, the exception is not well taken.

II. The amended and substituted petition alleged that the plaintiff's injuries were caused by the conduct of the driver in driving the car while under the influence of intoxicating liquor and recklessly. The court in the instructions made no reference to the charge of driving while under the influence of intoxicating liquor. Defendant contends that inasmuch as the court undertook to tell the jury what the amended and substituted petition substantially contained he should have incorporated the averment including intoxication. There was no evidence that the driver was under the influence of intoxicating liquor. In the original petition the claim for expenses and loss of time was somewhat in excess of that made in the amended and substituted petition, and for pain, suffering, disfigurement, personal injury, for medical care and loss of earning ability, plaintiff claimed $19,389, a total of $20,000; while the court submitted to the jury the right to recover a total of $15,372.75. The instruction was doubtless based upon Section 10464 of the Code, limiting the recovery by a woman for loss of time, medical attendance, and other expenses resulting from negligence, to $15,000. The verdict was for $3,572.75. The defendant complains that the court did not state the facts correctly as to the amount plaintiff demanded as her damages. He has no cause for complaint of the action of the court in substituting the lower amount, $15,372.75, for the $20,000 claimed. He was not prejudicially affected by the action of the court in permitting the jury to allow a total of $15,372.75 although under the statute

the limit is $15,000. It is evident that the comparatively slight excess of $372.75 did not affect the result.

III. The court detailed the "propositions" which the plaintiff was required to establish as a prerequisite to her right to recover. In stating these "propositions" he did not use the term "issues." The jury were told that if plaintiff had failed to "prove any one of said propositions" the plaintiff could not recover; that the defendant could be held liable only for such damage as was the result of reckless operation in one or more of the charges of recklessness as alleged by plaintiff and "set out in the statement of issues herein;" that if after considering all the evidence the jury found that the driver operated the car "recklessly in any one or more of the particulars as set out in the statement of issues in these instructions and submitted to you * * * then the defendant would be liable;" that if plaintiff had failed to prove that Weidner was driving the car with the consent of the owner they need proceed no further, but "if she has so established * * * you will then proceed to the determination of the remaining issues submitted for your determination." Defendant complains that the word "issues" in a lawsuit is a technical term, and that the court in all cases should inform the jury correctly and definitely what the issues are and where they may be found in the instructions, and that the jury was misled by the use of the term "issues." The term "issues" is one in quite common use and its general meaning is well understood. The term was not one used in the instructions in any technical sense, but, as is very apparent, interchangeably with the word "propositions." We are of the opinion that the jury was under no misapprehension as to its meaning, was not misled. Besides, if defendant desired that the court explain the term, he should have made request therefor. Authorities under V post.

IV. The court charged that one who enters the automobile of another as a guest is not precluded from recovery for injuries in every case and under all circumstances, nor is she bound by any ethical rule to the effect that one who is the guest of another should not seek recovery in a proper case; that the law is plain that a guest may recover from the owner for the damage caused as the result of the reckless operation by the driver. The exception to this instruction is, in substance, that

the jury was misled by the statement " 'Nor is she bound by any ethical rule to the effect that one who is a guest of another should not seek recovery in a proper case.' The instruction allowed the jury to wander into the field of ethics and rules of etiquette and the said instruction furnishes no standard of what" the ethical rule is, and sets out no statement of facts of what is a "proper case" for a guest to seek recovery; that the last clause of this instruction is not correct, because a guest may not recover merely for reckless operation, but may recover only when he establishes that the driver was reckless and the guest free from contributory negligence, and her damages.

One paragraph of an instruction may not for the purpose of establishing error be segregated from the others or separated from its context. The instruction immediately preceding that here complained of set out the statute. The court, evidently to obviate misinterpretation of this statute, proceeded to give the instruction complained of. A further explanation followed immediately by an instruction that:

"In this connection you are instructed that it is not sufficient to warrant plaintiff's recovery that she has shown * * * that the driver * * * was guilty of negligence as defined in these instructions which was the proximate cause of her injuries, if any, but she must go further and show * * * that said driver operated the automobile in question in a reckless manner as defined in these instructions, and that such recklessness was the proximate cause of her injuries."

All governing propositions of law cannot ordinarily be embodied in a single instruction. The term "proximate cause" was defined. The various elements essential to plaintiff's right to recover were stated, and the jury specifically told that they must find in favor of plaintiff on each of those elements. They were allowed to speculate or return a verdict neither in favor of plaintiff nor against her on the mere matter of ethics. The jury were not misled by the paragraph here complained of. The exception is without merit.

V. In one instruction they were told that, if the jury found that defendant loaned his automobile to Weidner for the purpose of taking himself and some friends to a dance at the hotel, and that Weidner, after the dance, started on a pleasure

trip into the country and an accident occurred while they were on this pleasure trip, it would then be for the jury to determine whether Weidner was at the time "using the auto with the consent, express or implied, of the owner Meyers; and before you can find a verdict against the defendant Meyers it must be established by a preponderance of the credible evidence that said Weidner was at such time driving with his consent." The exception to this instruction is that the court uses language "with the consent, express or implied, of the owner, Meyers," without defining what would constitute "express consent" and what would constitute "implied consent"; that "the words 'consent, express or implied' is a legal term unfamiliar to laymen and the court should have given the jury some standard to determine what is 'express consent' in the law and what would constitute 'implied consent,' and therefore the jury was allowed to speculate as to whether or not there was either 'express consent' or 'implied consent.'"

The jury were repeatedly instructed that before plaintiff could recover it was necessary for her to prove that the driver at the time and place of the accident was using the car with the consent of the owner. The jury could not have misunderstood the necessity of such proof. The exception is limited to the use of the terms "consent, express or implied." The instruction was complete as far as it went. The word "implied" is an ordinary English word, well understood. It was used in the instructions not in a technical sense, and would not be understood by the jury as used in a technical sense. The instruction amounted merely to telling the jury that consent in express terms to the particular trip to the roadhouse was not necessary. If the defendant had desired a more complete instruction on the subject he should have asked for it. Fisher v. Cedar Rapids & M. C. Ry. Co., 177 Iowa 406, 420; Richards v. Crosby, 179 Iowa 1355, 1364; State v. Reed, 205 Iowa 858; Babb v. Herring Motor Co., 193 Iowa 794, 810.; Smead v. Stearns, 173 Iowa 174.

The defendant did not assign as ground of exception in the lower court that this instruction misled the jury, and we are of the opinion that it did not.

VI. Defendant argues that the plaintiff's theory of the case was emphasized to defendant's prejudice and defendant's theory not adequately presented. The instructions were very

full and complete, and as has been shown the jury were repeatedly told that plaintiff must prove recklessness on the part of the driver before she could recover. The exception fails to point out any theory of the defendant upon which the jury was not properly or fully instructed.

VII. The court related to the jury the substantial allegations of the amended and substituted petition, including those that the injuries were caused solely by the conduct of the driver in driving around the curve at an excessive rate of speed and in not having his car under control. Defendant argues that the court should have told ''the jury what the statutory law of Iowa is in reference to turning curves without reducing the speed and with regard to driving an auto around a curve at an excessive rate of speed and in failing to tell the jury what the term of 'having a car under control' is.'' The case was tried and submitted upon the theory that the plaintiff could not recover for mere negligence; that she must prove recklessness. The jury were told that the rate of speed was not alone determinative of recklessness; that it was not sufficient for her to show that the driver was guilty of negligence; but that she must go further and show that the driver operated the automobile in a reckless manner. Mere violation of speed standard, or mere failure to have the car under control, while it might be prima-facie evidence of negligence, would not of itself be recklessness. To have instructed as the defendant now contends for would have injected confusion and uncertainty into the case, which the defendant if beaten doubtless would have assigned as error. Siesseger v. Puth, 213 Iowa 164. The case was not tried or submitted upon the theory that the defendant was liable for negligence because of excessive speed or not having the car under control. Besides, if the defendant had desired these definitions or further instructions, he should have asked for them. Altfilisch v. Wessel, 208 Iowa 361. Cases cited under ''V'' supra.

VIII. In support of motion for new trial defendant filed affidavit of one of the jurors to show that the verdict was made up by including an allowance of $200 for loss of wages or time as to which there was no evidence. The verdict cannot be thus impeached. Clark v. Van Vleck, 135 Iowa 194.

IX. Defendant requested the court to charge:

"You are instructed that where a guest is riding in an automobile at the invitation of the driver, and that the said guest observed that the driver is driving the said automobile in a reckless manner, * * * it is then the duty of said guest to do everything that a reasonably prudent person could do under the same or similar circumstances to get the driver thereof to cease to continue the reckless driving of said car, and you are further instructed that a mere mild statement on the part of the guest to the driver to the effect that he, the driver, is driving too fast and to please slow down is not a sufficient protest of remonstrance on the part of the said guest to excuse said guest from acquiescence in said recklessness; and if you find from the evidence of this case that the plaintiff observed that the driver of defendant's auto was driving the same in a reckless manner * * * and she failed to do anything further than to state 'you are driving too fast,' then you may consider whether or not she protested to the manner and extent that an ordinary prudent person would do under like or similar circumstances.

The court told the jury that plaintiff must prove that no negligence or want of ordinary care upon her part in any manner contributed to the accident. We have held that, as recklessness is more than negligence, contributory negligence is not an element to be considered in an action based on the guest statute. Siesseger v. Puth, 213 Iowa 164; Neessen v. Armstrong, 213 Iowa 378.

The refusal of this instruction was not error or prejudicial.

The case was fully and fairly tried. The exceptions to the instructions are largely hypercritical. Parts of defendant's argument are not supported by proper exception.

We are to be understood as passing only upon the exceptions taken in the lower court and presented in the assignments of error here, not as approving all the instructions upon all the grounds of objection that might have been urged to them. The assignments of error are without merit.—Affirmed.

WAGNER, C. J., and ALBERT, KINDIG, GRIMM, and STEVENS, JJ., concur.