[Civ. No. 8137. First Appellate District, Division Two.—April 2, 1932.]

MARTHA O'NELLION, Respondent, v. CLIFTON HAYNES, Appellant.

Ford & Johnson and Fletcher A. Cutler for Appellant.

A. S. Whitmore and Paul A. McCarthy for Respondent.

SPENCE, J.—Plaintiff sued for damages for personal injuries received while riding as a guest in the automobile driven by defendant. Upon a trial by jury plaintiff recovered judgment in the sum of $25,000, from which judgment defendant appeals.

Before discussing the main contention of appellant, we will first consider other points raised in the briefs. In the opening brief appellant contended that the evidence was insufficient to support the implied finding of gross negligence. This contention is without merit. We believe that counsel for appellant practically so conceded in his oral argument, as he indicated at that time that the evidence was set forth in the briefs only to show that the case was a close one and that the jury should have been discharged because of the incident to which reference will be hereinafter made. However, we cannot even agree that the case was a close one.

The accident happened at night while appellant was driving his automobile in a southerly direction along the Skyline Boulevard about four miles south of Daly City. Respondent and two other guests were riding with appellant in his car, which "side-swiped" another car proceeding in the opposite direction. The paved or oiled section of the highway was twenty-nine feet in width with a shoulder about three feet in width on either side. The collision occurred on a straight stretch between a curve in the highway and a culvert approximately 650 feet south of said curve. This stretch of road had a six per cent drop toward the south. The evidence showed that appellant was driving his car between fifty and sixty miles per hour over the protests of all three of his guests and that the machine was swaying from side to side as the result of the excessive speed. Appellant admitted that he had been asked not to drive so fast but had continued at the same speed. He further admitted that he was going between forty and fifty miles per hour when he first saw the other car at a distance of 450 feet; that he kept his foot on the accelerator all the time going down this six per cent grade; and that he did not know whether his car went over the left side of the road while driving between the curve and the point of collision. The testimony showed that prior to the accident the other car was on its right side of the highway and that appellant's car was straddling the white line marking the center of the highway. Appellant's testimony on this subject was rather uncertain and unsatisfactory. He would not testify that the other car was on its left side of the highway but his testimony only went as far as to indicate that just prior to the collision it was running in a straight course "right on the center line". He was asked, "You mean by that that the car was over the center line, or the car was on the center line." To which he answered, "The left wheel was running, I would say, almost on the white line." In our opinion the conduct of appellant in continuing to drive at an excessive rate of speed as he approached in close proximity to the oncoming car shows an entire want of care on his part and a clear case of gross negligence.

In view of the question hereinafter discussed, a few words should be said regarding the amount of the verdict even though appellant makes no claim that the verdict is

excessive. Respondent was thrown from the automobile before it turned over at the side of the highway and she sustained injuries which permanently and totally disabled her. There was no conflict whatever regarding her injuries, respondent's doctor being the only expert witness testifying on the subject. Respondent had suffered severe injuries to her cervical and thoracic spine with serious damage to the spinal cord. These injuries resulted in total paralysis and lack of sensation in her body from the breast down. She was entirely without control of her bowels or urinary system. Despite operation, no improvement had been made and the doctor was definitely of the opinion that the condition was permanent. He stated that she was one hundred per cent disabled so far as the ordinary pursuits of life were concerned and that ''all she could do would be to lie in bed or sit in a chair and use her hands and brains''. We need not consider respondent's special damage, which was large in amount, for even in absence of evidence of special damage, the award was amply sustained by the evidence to which reference has been made.

From what has been said we conclude not only that there was ample evidence to sustain a verdict in favor of respondent but also that the only rational conclusion which the jury could have drawn from the evidence was that appellant was grossly negligent and that respondent was entitled to a verdict. We further conclude that the verdict was not excessive, but on the contrary the amount awarded was fully justified by the uncontradicted evidence of the frightful injuries which respondent had sustained.

■ We now come to appellant's main contention, which is that ''there was a mistrial and the jury should have been discharged on the motion of appellant''. This contention is based upon a rather unusual incident occurring upon the trial. Appellant was on the witness-stand as the last witness called. Counsel for both sides had completed their examination. One of the jurors propounded a question to appellant which he answered and then propounded the following question: ''You carry liability insurance, don't you?'' To which appellant answered: ''I do.'' No objection was made to the question, but it appears probable that appellant answered the question before his counsel had an opportunity to object. Counsel for appellant immediately moved that

the jury be discharged, which motion was denied. Counsel for respondent then moved that the question and answer be stricken out and the jury admonished. This motion was granted and thereupon the court instructed and admonished the jury in a most thorough and painstaking manner.

The question here presented is a novel one. Neither respondent nor her counsel played any part in bringing the testimony regarding insurance before the jury and appellant seeks to predicate reversible error upon a situation arising out of his own act in giving this information to the jury from his own lips. There may be cases in which a reversal would be required by the very fact that such information was conveyed in any manner to the jury, but in our opinion such action is not required in the present case. As above stated, the evidence pointed unerringly to a verdict in favor of respondent and the verdict rendered was not excessive in any sense of the word. The trial court's action in denying appellant's motion for new trial indicated its opinion that the irregularity referred to did not result in prejudice to appellant. This conclusion of the trial court should not be disturbed unless it is plainly wrong. (*LaFargue* v. *United Railroads*, 183 Cal. 720 [192 Pac. 538].) We cannot so declare in the present case, for after a review of the entire record we cannot say that there is any reasonable probability that the irregularity mentioned had any effect whatever upon the verdict of the jury.

Appellant further complains of the trial court's failure to give his proposed instruction covering section 124a of the California Vehicle Act. Counsel had no doubt overlooked the trial court's instruction No. XXIII, which covered the entire subject matter of the proposed instruction.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.