JOHN MORRIS, APPELLEE, V. OLIVER D. ERSKINE, APPELLANT.

FILED APRIL 21, 1933. No. 28521.

*Chambers & Holland,* for appellant.

*Frederick J. Patz, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is a personal injury action in which plaintiff had judgment, and defendant has appealed.

The injuries of which plaintiff complains resulted from an automobile accident while riding as an invited guest in defendant's car.

The defendant contends that the evidence is insufficient to sustain the verdict, in that it does not warrant a finding that plaintiff's injuries were caused by gross negligence of the defendant.

In this case plaintiff's right to recover damages is limited by section 39-1129, Comp. St. Supp. 1931, which, in so far as applicable to the present case, in effect provides that the operator of a motor vehicle shall not be liable for any damage to any person riding in said motor vehicle as a guest and not for hire, unless such damage is caused

by the gross negligence of the operator. This is the first case presented in this court to which said section is applicable. A correct decision depends on the meaning of the term "gross negligence."

The term "gross negligence" has received the attention of many courts, with conflicting views as to its proper definition. The courts of some of the states appear to hold that, to constitute gross negligence, there must have been an intentional failure to perform a manifest duty, or the injury must have been inflicted intentionally, or in wanton disregard of the rights of others. Other courts have defined it less drastically.

We are of the opinion that in adopting the guest act the legislature used the term "gross negligence" as indicating a degree of negligence. Negligence may be slight, ordinary, or gross. Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature.

What amounts to gross negligence in any given case must depend upon the facts and circumstances. What would amount to gross negligence under certain circumstances might, under different circumstances, be even slight negligence. Ordinarily, the question of negligence, whether slight or gross, is one of fact. If the evidence respecting it is in conflict and is such that ordinary minds might draw different conclusions therefrom, then a question of fact is presented for the jury to determine. Where a question of fact has been submitted to a jury upon conflicting evidence, this court, ordinarily, will assume the truth of the evidence tending to sustain the finding of the jury. In the light of these principles, we will now consider the evidence in this case.

Defendant invited plaintiff to ride with him in his car from Prairie Home, Nebraska, to Fremont, Nebraska. For the greater part of the way they traveled over state highway No. 77, which is a graveled highway. At a

point a mile or so east of Cedar Bluffs, defendant discovered on the highway, a considerable distance in front of him, a person on a motorcycle, traveling in the same direction as defendant, who was traveling about 45 miles an hour. Defendant increased his speed to overtake and pass the motorcycle. When about to pass the motorcycle, its operator speeded up and apparently there was something in the nature of racing between them. Plaintiff admonished the defendant to drive more slowly; that he was driving too fast, but, disregarding the admonition, defendant increased his speed and finally succeeded in passing the motorcycle at a point perhaps 400 feet from an intersecting highway. In so doing, he had, to some extent, lost control of his car. It was skidding from one side to the other of the highway. Again plaintiff requested defendant to slow down, to stop and let him out, but, disregarding the request, he did not slacken his speed, and, when 200 or 300 feet from the intersection, he observed another car entering the intersection from his right. Still he did not slacken his speed, and, although the driver of the car entering the intersection turned in the same direction in which defendant was driving and kept near the right-hand side of the road, leaving a space wide enough for two cars to pass to the left, defendant, not decreasing his speed, lost control of his car, ran into an embankment on the left side of the road, the car was overturned, and plaintiff suffered severe injury. The evidence indicates that, at or immediately prior to the time defendant's car ran into the embankment and upset, he was driving at from 60 to 65 miles an hour and over an intersecting highway.

We think the facts as delineated are sufficient to require the submission to the jury of the question as to whether defendant was, under the circumstances, guilty of gross negligence, and their finding upon that question, based on conflicting evidence, will not be disturbed.

Defendant complains of the exclusion and admission of evidence, and also of certain instructions given by the

court. All of the evidence of which complaint is made related only to the amount of plaintiff's recovery, and likewise the instructions of which complaint is made went only to the question of the amount of plaintiff's recovery and not to the question of defendant's liability. On the oral argument it was freely conceded that the verdict in this case was not excessive, but that the question was solely whether or not plaintiff was entitled to recover at all. Under these circumstances, the instructions and rulings on admission of evidence, whether erroneous or not, were not prejudicial to defendant. It is a familiar rule that harmless error is not ground for the reversal of a judgment.

No error prejudicial to defendant has been found.

AFFIRMED.