RUTH SWENGIL, APPELLEE, V. SOL MARTIN, APPELLANT.

FILED DECEMBER 29, 1933. No. 28692.

*Brome, Thomas & McGuire* and *G. H. Seig,* for appellant.

*Shotwell, Monsky, Grodinsky & Vance* and *Harry B. Cohen, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

CHAPPELL, District Judge.

The plaintiff, appellee herein, recovered a judgment against the defendant, appellant herein, for personal injuries sustained in an automobile accident while a guest of defendant in his car then driven by him. Defendant appeals, relying, for reversal, upon the propositions that the trial court erred in overruling defendant's motion for a directed verdict and in the giving of certain instructions upon its own motion and the refusal to give certain instructions requested by defendant.

The evidence, when considered most favorably for the plaintiff, discloses that on Monday, September 7, 1931, defendant invited plaintiff to go with him in his Ford sedan to a picnic at Meadows, Nebraska. A young man named Morris Kaplan and a young lady named Charney Soiref were also invited to go with him. Although plaintiff had known defendant for about a year, she had never ridden with him in an automobile before. About 3 o'clock in the afternoon on that day the four started to the picnic, Morris Kaplan then driving the car. They first went to Elkhorn, Nebraska, where they stayed about an hour. From Elkhorn, Nebraska, the defendant drove his car, and plaintiff rode in the front seat with him. At the time of the accident the car was approaching Millard, Nebraska, from the north along U. S. Highway No. 38, now U. S. Highway No. 6. Just east of Millard, Nebraska, the highway makes a sharp curve or turn from south to west. There is a railroad crossing quite a distance north of this curve. The defendant was driving fast between Elkhorn

and the railroad crossing, and on several occasions plaintiff told the defendant to slow down. He did slow down some for the railroad tracks and then speeded up again to from 50 to 55 miles an hour. Plaintiff then complained to defendant about his speed, and soon thereafter called his attention to the turn sign which is approximately 195 feet north of the center of the curve. Defendant, however, continued at that speed and made the turn at 55 miles an hour or faster, driving his car to the left of the highway and completely off the pavement into the dirt part of the road on the left of the curve, barely missing a telephone pole south of the pavement on the southwest end of the curve. He continued on the south side of the road toward the west at the same speed or faster. At the same time a Lincoln sedan, driven by B. F. White, was approaching the curve from the west on the south side of the highway at a speed of 25 miles an hour. A head-on collision seemed unavoidable, and the Lincoln sedan turned northeast to get on the north side of the pavement. Defendant also turned north to get on the north side of the pavement, his right side of the street, and at a point 50 or 60 feet west of the corner, that is, west of the pole, the two cars came together in a V-shaped position a little north of the center of the pavement. The driver of the Lincoln car first saw defendant's car about 40 feet north of a culvert which is at the beginning of the curve. His car was then 120 feet or more west of the curve. The defendant saw the Lincoln car when 75 or 100 feet away from it. Plaintiff was seriously and permanently injured, and the cars were badly damaged.

Plaintiff's right to recover in this action is limited by section 39-1129, Comp. St. Supp. 1931, which, in effect, provides that the operator of a motor vehicle shall not be liable for any damages to any person riding in said motor vehicle as a guest and not for hire, unless such damages are caused by the gross negligence of the operator.

We will consider the propositions relied upon by the

defendant in what seems to us their logical sequence. The trial court, on its own motion, gave instruction No. 6 in which, after quoting section 39-1129, Comp. St. Supp. 1931, verbatim, it said: "It is not claimed that the defendant was intoxicated; the only ground of recovery alleged by plaintiff is that she suffered the injuries of which she complains because of gross negligence of the operator of the car in operating same at the time of the accident. With reference to this term 'gross negligence' in the statute, you are instructed that it was the evident intention of the legislature to exempt the driver of an auomobile from liability for injuries suffered by the guest because of ordinary negligence of the driver, and permit his recovery only when such injuries were the result of gross negligence (or intoxication). It is therefore necessary to distinguish between ordinary negligence and gross negligence in the determination of this case. 'Ordinary negligence' is the doing of some act under the circumstances of the accident that an ordinarily prudent person would not have done, or the failure to do some act or take some precaution which a person of ordinary prudence would have done or taken. 'Gross negligence' is a wanton or reckless disregard of the safety of others; it signifies the driving of an automobile carelessly or heedlessly in a reckless disregard of the rights of others or of the consequences, *but need not necessarily be wilful.* For mere negligence not amounting to 'gross negligence' defendant would not be liable; for 'gross negligence' he would be liable to plaintiff."

Instruction No. 2 requested by defendant, and which was refused by the court, reads: "You are instructed that gross negligence is that degree of negligence which amounts to a reckless disregard of one's own safety and the safety of others; *and a wilful indifference to the consequences liable to follow,* and in this connection you are further instructed that, in order to be guilty of *wilful indifference,* the person charged with gross negligence must have been aware of the apparent danger at the time

of the commission of the negligent act or acts upon which the charge of gross negligence is based."

Defendant complains of only that part of instruction No. 6, given by the court on its own motion, which reads: "But need not necessarily be wilful." The instruction given by the trial court was not erroneous. This court has defined gross negligence under this statute since the trial of this case. "Gross negligence, within the meaning of section 39-1129, Comp. St. Supp. 1931, means negligence in a very high degree, or the absence of even slight care in the performance of a duty." *Morris v. Erskine,* 124 Neb. 754. A portion of this opinion gives full answer to defendant's contention that the element of wilfulness should have been included in the court's instruction. "The term 'gross negligence' has received the attention of many courts, with conflicting views as to its proper definition. The courts of some of the states appear to hold that, to constitute gross negligence, there must have been an *intentional* failure to perform a manifest duty, or the injury must have been inflicted intentionally, or in wanton disregard of the rights of others. Other courts have defined it less drastically. We are of the opinion that in adopting the guest act the legislature used the term 'gross negligence' as indicating a degree of negligence. Negligence may be slight, ordinary, or gross. Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature." *Morris v. Erskine, supra.* See, also, *Cole v. Morse,* 85 N. H. 214; *Dzura v. Phillips,* 275 Mass. 283; *Learned v. Hawthorne,* 269 Mass. 554; *Altman v. Aronson,* 231 Mass. 588, 4 A. L. R. 1185; *Meeney v. Doyle,* 276 Mass. 218; *Malone v. Clemow,* 111 Cal. App. 13; *Shaw v. Moore,* 104 Vt. 529, 86 A. L. R. 1139, and note, page 1145; *Storla v. Spokane, P. & S. Transportation Co.,* 136 Or. 315.

Defendant relies upon *Chicago, B. & Q. R. Co. v. Hyatt,*

48 Neb. 161, and *Jennings v. Biurvall,* 122 Neb. 551, for a definition of gross negligence. A careful study of the first case discloses that it is a definition of criminal negligence under that section of the statute which makes every railroad company the insurer of the passenger's safety, "except in cases where the injury done arises from the criminal negligence of the person injured," and is not a definition of gross negligence. They are not synonymous. Likewise, a careful reading of the second case discloses that it is a definition of reckless operation under an Iowa statute and not a definition of gross negligence. The instruction therein approved by this court did not contain the element of wilfulness.

The trial court did not err when it overruled defendant's motion for a directed verdict. The evidence adduced by plaintiff was such that it required submission to a jury for determination. *Morris v. Erskine, supra,* so fully answers defendant's contention that other language is inadequate. "The existence of gross negligence must be determined from the facts and circumstances in each case. The question of gross negligence is for the jury, where the evidence relating thereto is conflicting and from which reasonable minds might draw different conclusions. * * * What amounts to gross negligence in any given case must depend upon the facts and circumstances. What would amount to gross negligence under certain circumstances might, under different circumstances, be even slight negligence. Ordinarily, the question of negligence, whether slight or gross, is one of fact. If the evidence respecting it is in conflict and is such that ordinary minds might draw different conclusions therefrom, then a question of fact is presented for the jury to determine." *Morris v. Erskine, supra.* See, also, *Graham v. Higgins,* 121 Neb. 211; *Jennings v. Biurvall, supra; Malone v. Clemow, supra;* Note, 74 A. L. R. 1200; *West v. Rosenberg,* 44 Ga. App. 211; *Dzura v. Phillips, supra; Pepper v. Morrill,* 24 Fed. (2d) 320; *Manning v. Simpson,* 261 Mass. 494; *Adair v. Newkirk,* 148 Wash. 165; *Meeney v. Doyle,*

*supra; Smiddy v. O'Neil,* 277 Mass. 36; *Parker v. Moody,* 274 Mass. 100; *Kirby v. Keating,* 271 Mass. 390; *Cole v. Morse, supra; Siesseger v. Puth,* 248 N. W. (Ia.) 352; *Sorrell v. White,* 103 Vt. 277; *Terlizzi v. Marsh,* 258 Mass. 156; *Zelinsky v. Howe,* 163 Wash. 277; *Altman v. Aronson, supra; Taylor v. Cockrell,* 116 Cal. App. 596; *McQuillen v. Meyers,* 213 Ia. 1366; *Doody v. Rogers,* 116 Conn. 713; *Schepp v. Trotter,* 115 Conn. 183; *O'Nellion v. Haynes,* 122 Cal. App. 329; Note, 86 A. L. R. 1145.

Defendant complains that the trial court in **instruction** No. 1, given upon its own motion, enumerated plaintiff's allegations of gross negligence in four paragraphs, and in instruction No. 4, given upon its own motion, charged the jury that they might find for the plaintiff if they found that plaintiff had established by a preponderance of the evidence that the collision between the car in which plaintiff was riding and the car with which it collided was caused proximately by the gross negligence of the defendant in the operation of his automobile in some one or more of the particulars set forth in plaintiff's petition. There is competent evidence supporting each and all of plaintiff's allegations of gross negligence pleaded in the petition and set forth in instruction No. 1 so given by the court. This court has said: "A party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue and it is supported by competent evidence." *Boice v. Palmer,* 55 Neb. 389; *Roh v. Opocensky, ante,* p. 551. See, also, *Gilbert v. Merriam & Roberson Saddlery Co.,* 26 Neb. 194; *Hancock v. Stout,* 28 Neb. 301; *First Nat. Bank v. Carson,* 30 Neb. 104; *Cunningham v. Fuller,* 35 Neb. 58; *Hartwig v. Gordon,* 37 Neb. 657; *Chicago, R. I. & P. R. Co. v. Buckstaff,* 65 Neb. 334; *Western Mattress Co. v. Ostergaard,* 71 Neb. 575; *Link v. Campbell,* 72 Neb. 310; *Hauber v. Leibold,* 76 Neb. 706; *Hoover v. De Klotz,* 89 Neb. 146; *Beauchamp v. Leypoldt,* 108 Neb. 510. These instructions, construed together, correctly and properly presented the issues to the jury,

and the court did not commit error when it gave instruction No. 1 on its own motion.

Defendant contends that the court should have given instructions Nos. 1 and 6, which he proffered. The requested instruction No. 1 charges the jury to the effect that a guest accepts the risk that would necessarily follow from the known proficiency of the driver and his known usual and customary driving habits. The requested instruction No. 6 charges the jury to the effect that a driver of an automobile does not guarantee to his guests any accomplished degree of skill. It is evident that the requested instruction No. 6 follows from the rule of law contended for in the requested instruction No. 1, for if a guest, at the time of accepting the invitation, is aware of the proficiency and the usual and customary habits of the driver, then the driver does not guarantee an accomplished degree of skill to his guest.

Defendant alleged in his answer that the plaintiff was "familiar with the condition of the said car and the habits and manner of the defendant in driving the said car." The trial court did not submit this issue to the jury. The undisputed evidence shows that, although plaintiff had known defendant for about a year, she had never ridden with him in a car before, and that he did not drive his car upon this trip until after they left Elkhorn, Nebraska. There is no evidence that the plaintiff knew the condition of the car or was familiar with the proficiency of the driver or of his usual and customary habits of driving. There is no evidence as to the proficiency of the driver, nor of his usual and customary habits of driving, nor that such was the proximate cause of the accident. This matter, therefore, was not an issue in the case, and the trial court was right when it did not submit the issue to the jury. It was pleaded but not proved. While, as decided in *Boice v. Palmer,* 55 Neb. 389, and other cases cited hereinbefore, "A party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present

the theory as an issue and it is supported by competent evidence," logically, unless an issue is supported by competent evidence, he is not entitled to have the same submitted to the jury.

The trial court did not commit error in overruling defendant's motion for a directed verdict, or in the giving of instructions on its own motion, or in the refusal of instructions requested by the defendant.

The judgment of the trial court is

AFFIRMED.