JOHN SHEEHY, APPELLEE, V. CHRISTINA ABBOUD, APPELLANT.

FILED MARCH 30, 1934.    No. 28772.

*Dressler & Neely,* for appellant.

*Rosewater, Mecham, Burton, Hasselquist & Chew* and *Rudolph Tesar, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

CHASE, District Judge.

This is an action brought by plaintiff to recover damages for injuries claimed to have resulted from an automobile accident. The trial resulted in a verdict for plaintiff, and from the action of the trial court rendering judgment thereon the defendant prosecutes an appeal to this court.

One of the questions urged for reversal is that the evidence is insufficient to support the verdict. To dispose of the contention we must determine whether there is sufficient evidence of gross negligence to justify the submission thereof to the jury.

It appears that the plaintiff was a guest riding in the automobile owned by defendant, but which, at the time, was operated by her brother. The driver of the car was a youth 16 years of age. The evidence discloses almost

without dispute that the plaintiff was a guest riding with defendant's brother at the time of the accident; that the plaintiff for some time had been a friend of the driver's family and he lived near the home of the Abbouds. The accident occurred about 5:30 p. m. on July 13, 1932. The parties lived in the south part of the city of Omaha. Plaintiff got into the car for the purpose of riding home with the defendant's brother. They started home from the city about 5:30 p. m., and on their way proceeded south across the Sixteenth street viaduct, which is approximately three blocks in length. There was considerable traffic congestion that evening on the viaduct. In crossing the viaduct the driver passed a number of automobiles, and the plaintiff claims to have objected to his manner of operation and the rate of speed of the car. The witnesses for plaintiff testified that this car crossed the viaduct at a rate of speed from 45 to 55 miles an hour up to the time the accident occurred, while the defendant's witnesses say that it was about 35 miles an hour. It appears further that at the time the automobile arrived at a point near the south end of the viaduct, and a little more than 100 feet north of where Pierce street intersects Sixteenth street, the defendant's brother was driving at a high rate of speed only a short distance behind another automobile; that just a few feet before the head automobile arrived at the street intersection the driver of that automobile signaled by putting out his left hand, indicating that he was going to turn to the left down Pierce street. By this time the driver of the car in which plaintiff was riding was so close to the car in front that when the turn signal came he was unable to stop. Confronted by this situation he turned sharply to the left and passed in front of the car ahead, which was then heading toward the east. The driver states that after he had passed the turning car he headed directly toward a telephone pole on the south side of Pierce street; that he gave his car a sharp turn to the right to avoid hitting the pole, lost control thereof, which caused it to "wobble," as the witnesses state, and it

jammed into the curb at the corner of the street, striking the iron grating at the intake of the storm sewer, overturning the car and injuring plaintiff. About the only dispute as to the material facts is the rate of speed the car was traveling at the time of the accident.

If the plaintiff is entitled to recover at all, it must be on evidence required by section 39-1129, Comp. St. Supp. 1931, which provides, so far as material to our consideration, that "the operator of a motor vehicle shall not be liable for any damage to any * * * person riding in said motor vehicle as a guest * * * and not for hire, unless such damage is caused by * * * the gross negligence of the * * * operator." It therefore becomes necessary to determine what is meant by the term "gross negligence" as it appears in this statute. In construing the guest law this court recently held:

"We are of the opinion that in adopting the guest act the legislature used the term 'gross negligence' as indicating a degree of negligence. Negligence may be slight, ordinary, or gross. Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature.

"What amounts to gross negligence in any given case must depend upon the facts and circumstances. What would amount to gross negligence under certain circumstances might, under different circumstances, be even slight negligence." *Morris v. Erskine,* 124 Neb. 754.

This interpretation was adopted in later cases. *Gilbert v. Bryant,* 125 Neb. 731; *Swengil v. Martin,* 125 Neb. 745. In the present case it appears quite conclusively that the operator of the car at and near the point of accident was driving approximately 50 miles an hour; that Sixteenth street is one of the busy streets of Omaha, and was at the time considerably clogged with traffic. On the issue as to gross negligence each case must stand upon its own particular facts and circumstances. A rate of speed which

would amount to gross negligence in one case might, amid different surroundings and dissimilar circumstances, fall far short thereof. This question is ordinarily a question of fact to be determined by the jury, if from the whole record there appears to be sufficient evidence to justify the submission of the question to them. The boy who was driving the automobile was but little past the statutory age entitling him to a driver's license. Impetuous, as youth too often is, he was operating the car in that congested section of the city at a rate of speed in violation of all reasonable rules of prudence and safety applicable to the surroundings. Gross negligence disregards the reasonable rules of caution properly applicable to the surroundings present, but does not necessarily extend to the degree that a person under such circumstances must be guilty of wilful or intentional wrong-doing. To place that construction upon the term would have the effect of practically nullifying the legislative intent in the passage of the act.

After a careful examination of the record and giving due consideration to the surroundings and all the circumstances present, we conclude that the evidence is sufficient to support the verdict. Consequently, the court did not commit error in submitting that question to the jury. However, in so holding we are not unmindful of the rule that, where one is confronted by an emergency, he is not negligent in not taking the course deliberate judgment might show to be the safer. This is not applicable to the present situation. The extension of that rule is also to the effect that one cannot claim the benefit of the doctrine where the emergency was brought about by the negligent act of the party seeking to invoke it. This rule is applicable only when a person is confronted by such an emergency, he having been placed in such a position by the exercise of ordinary care.

It becomes unnecessary to discuss the other assignments of error with the exception of the one predicated upon the trial court's action in giving, upon its own motion, instruc-

tion No. 10. This instruction is an attempt to apply the comparative negligence statute to the recent so-called "guest statute." In that instruction the court told the jury that, if the negligence of the automobile driver falls in any degree short of gross negligence under the circumstances, the contributory negligence of the plaintiff, however slight, would defeat a recovery. We cannot indorse this as being a correct expression of the law in actions based upon the guest statute. If the negligence of the driver falls in any degree short of gross negligence, under the guest statute, there could be no recovery, and the question of attending or incidental contributory negligence becomes wholly immaterial. It follows as a matter of course that, where there is no legal right of recovery, there will be none to be defeated by contributory negligence. Further on in the instruction the court tells the jury that if the negligence of the plaintiff is found to be slight only, and the negligence of the driver gross, the plaintiff may recover. This also is not a correct statement of the law. In actions arising under the guest statute the negligence of the plaintiff may be more than slight, or, in other words, if it amounts to anything less than gross, the plaintiff could still recover. This is not a new doctrine except as to the degree of negligence. The courts have long recognized that, where the negligence of the plaintiff is equal in degree to the negligence of the defendant, recovery is not allowable. One of the principal objects of the comparative negligence statute is to permit deductions from recovery, where the evidence shows the plaintiff's own carelessness in some manner enhanced the damage, and thus permit the jury to make a proper deduction from the whole damage sustained—that amount to which, in their judgment, the negligence of the plaintiff made contribution. We do not believe that the comparative negligence statute becomes applicable generally in cases where the right of recovery is limited to a single degree of negligence. The statute comprehends that negligence ranging in any degree from slight up to and in-

cluding gross is actionable, providing the plaintiff is not shown to be guilty of such contributory negligence as would defeat his right of recovery, while the guest statute does not comprehend that range of actionable negligence, but is limited to negligence of a single character. Hence, as we view it, the only part of the comparative negligence statute that could be properly applicable to actions of this character is that part which permits the jury to deduct any amount which the plaintiff's contributory negligence bears to the whole amount of damage sustained. This instruction, while not containing proper statements of the law, could only, as we view it, become prejudicial in the event the plaintiff was unsuccessful in the action. The jury having found for the plaintiff, no prejudice could result therefrom, and hence no reversible error was committed by the trial court in giving the instruction.

For reasons herein stated, the judgment is

AFFIRMED.