AMELIA COVEY, APPELLANT, V. E. DAVID ANDERSON, APPEL-
LEE.

FILED APRIL 10, 1936.    No. 29636.

*Morrow & Morrow,* for appellant.

*Neighbors & Coulter, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and
CARTER, JJ.

GOSS, C. J.

This is a suit for damages for personal injuries received
in an automobile accident. At the close of evidence on be-
half of plaintiff, the court instructed a verdict for defend-
ant. On overruling the motion for a new trial, the court
dismissed plaintiff's action, and plaintiff appealed.

In support of a petition which stated a cause of action,.
the evidence shows the following. On November 11, 1934,.
after dark, plaintiff was riding as a guest with defendant in.
his car on their return from Gering to Mitchell. As the
car, driven north by defendant, approached a culvert over
a lateral irrigation ditch, a car, with very strong headlights
or a bright spotlight, coming south, blinded plaintiff so that
she could not see the road. She asked defendant if he could
see and asked him not to drive so fast, but he paid no
attention. He drove the car into the concrete on the right.

side of the culvert and plaintiff was injured and became unconscious. The road across the culvert was wide enough for two cars to pass. About two weeks before the trial defendant told plaintiff that he had stopped and put his lights out, but when he saw a car approaching from the rear he had started up without putting on his lights and consequently hit the guard or cement projection of the culvert. There were injuries to plaintiff sufficient to support a judgment if defendant were found liable.

The petition charges, among other things, that defendant was grossly negligent in proceeding along the highway with his lights turned off and in failing to keep a proper lookout ahead.

"If there be any testimony before the jury by which a finding in favor of the party on whom rests the burden of proof can be upheld, the court is not at liberty to disregard it and direct a verdict against him. In reviewing such action, this court will regard as conclusively established every fact which the evidence proves or tends to establish, and if, from the entire evidence thus ·construed, different minds might reasonably draw different conclusions, it will be deemed error on the part of the trial court to have directed a verdict thereon." *Bainter v. Appel,* 124 Neb. 40, 245 N. W. 16, and cases cited.

Plaintiff, being a guest of defendant, must show that her damage was caused by the gross negligence of defendant. Comp. St. Supp. 1935, sec. 39-1129. The term "gross negligence" in this guest statute has been defined to mean negligence in a very high degree, or the absence of even slight ·care in the performance of a duty. The existence of gross negligence must be determined from the facts and circumstances of each case. Where reasonable minds might draw different conclusions from the evidence, the question of gross negligence is for the jury. *Morris v. Erskine,* 124 Neb. 754, 248 N. W. 96. See, also, *Gilbert v. Bryant,* 125 Neb. 731, 251 N. W. 823; *Swengil v. Martin,* 125 Neb. 745, 252 N. W. 207; *Sheehy v. Abboud,* 126 Neb. 554, 253 N. W. 683; *Howard v. Gerjevic,* 128 Neb. 795, 260 N. W. 273.

We think there was sufficient evidence to go to the jury and that it was prejudicially erroneous for the court to direct the jury to return a verdict for defendant.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

PAINE, J., dissents.

CARTER, J., dissenting.

Plaintiff was the only witness who testified as to how the accident in question occurred. Her testimony was that defendant turned a square corner about one-quarter of a mile south of the place where the accident happened and then drove north at a rate of 60 miles an hour without lights and into a concrete banister of a bridge over an irrigation lateral. Plaintiff also testified that a car with a bright spotlight was approaching from the north and that another car was following them from the rear. She also testified to an admission by the defendant in which he said that his car was stopped just south of the bridge and that he started the car without turning on his lights and ran into the bridge. There is also evidence that she asked defendant just before the accident not to drive so fast. On cross-examination plaintiff testified that she did not know whether or not the car was stopped, as stated by the defendant. In a statement which plaintiff admits she made after the accident, she said: "Just at the time this car with the spotlight was passing us, Mr. Anderson had swerved his car so far to the right-hand side of the road that he ran into a cement projection on a culvert." She also admitted that she was blinded by the spotlight on the car approaching from the north. She did not recall whether either of the other two cars passed the scene of the accident. Neither of them stopped at the scene of the accident.

The petition is drawn on the theory that defendant was driving his car at a high rate of speed without lights. The evidence is not sufficient to sustain a judgment on such a theory. It is so indefinite and uncertain as to how the accident happened that it should not have been submitted to a

jury. The courts have repeatedly held that negligence will not be presumed. It must be alleged and affirmatively shown. A presumption of negligence cannot be raised without foundation, and the mere fact that an injury occurred is no evidence of fault on the part of the defendant. From all that this record shows, the accident may have resulted because the defendant was blinded by the spotlight on the car coming from the north. Plaintiff admits that she does not know whether the car was stopped just before the accident. If it was so stopped, the accident could not have been caused by the high rate of speed of the car.

Clearly, the above facts fall far short of establishing gross negligence on the part of the defendant. Plaintiff apparently does not know what caused the accident or whether it was caused by defendant's negligence or other intervening causes. That the defendant was guilty of gross negligence should be affirmatively established and not left to speculation and conjecture. The plaintiff failed to show that the accident was the result of the gross negligence of defendant and, in my opinion, the trial court correctly found that the evidence was insufficient to support a judgment and properly directed a verdict for the defendant. I therefore dissent.