DOROTHY OTTERSBERG, APPELLEE, v. CHARLES HOLZ, APPELLANT.

66 N. W. 2d 571

Filed November 5, 1954. No. 33571.

*Chambers, Holland & Groth* and *Robert V. Denney,* for appellant.

*Armstrong & McKnight, Van Pelt, Marti & O'Gara, Robert D. McNutt, Bruce L. Evans,* and *Samuel E. Gallamore,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The object of this action is the recovery of damages appellee says she sustained because of injuries caused her by gross negligence of appellant in the operation of a motor vehicle driven by him in which appellee was a passenger. The challenge of the appellant to the sufficiency of the evidence to justify or support a verdict for appellee by motion for a dismissal of the case or the direction by the court of a verdict for appellant made at the conclusion of the introduction of evidence and after the final rest of the parties was denied. The verdict and judgment were for appellee. The motion of appellant for a new trial or for a judgment for him notwithstanding the verdict was overruled. This appeal attacks the validity of the denial of the motion and the judgment for appellee.

The cause of action pleaded by appellee is that: July 30, 1952, she was riding as a guest in an automobile operated by appellant traveling eastward on U. S. Highway No. 3 as a part of a trip from Hebron to Johnson. The highway had a hard surface about 20 feet wide. Appellant approximately 13 miles west of Beatrice carelessly and negligently took his hands from the steering wheel of the car and permitted it to continue to operate at a speed of about 65 miles an hour without any attempt to control it. Appellant placed himself in

.a position from which he had no vision of the highway or the direction the automobile proceeded and no control over it. The machine left the traveled portion of the highway, ran into a ditch, and at high speed with great force and violence struck a tree. The automobile was demolished and appellee was seriously and permanently injured and disabled. Appellant because of his acts and defaults as alleged was guilty of gross negligence which was the proximate cause of the accident, the injuries, and the disability of appellee.

Appellant admitted the occurrence of the accident, denied specifically that he was guilty of gross negligence, and traversed all other claims of appellee.

Appellee concedes that she was a guest being transported in the car operated by appellant at the time of the accident. A guest to recover damages from his host for injury received by the guest while riding in a motor vehicle operated by the host must establish by the greater weight of the evidence in the case the gross negligence of the host relied upon by the guest, and that it was the proximate cause of the accident and injury. § 39-740, R. R. S. 1943; Born v. Estate of Matzner, *ante* p. 169, 65 N. W. 2d 593. It is necessary to the decision of the case to determine if the evidence on the issue of gross negligence is sufficient to support the verdict for appellee. The proof from which this must be concluded is without conflict. It was produced by her and she is entitled to have it and any deducible inference therefrom considered most favorably to her. · Born v. Estate of Matzner, *supra*.

The home of appellant and his wife was in Minnesota. Their daughter, the appellee, resided in the State of Washington. Another daughter, Mrs. Veris, had her home on a farm near Hebron, Nebraska. The parents of the husband of appellee lived in Johnson, Nebraska. Appellee in July of 1952 was visiting at her parents' home in Minnesota. Appellant, his wife, and appellee and her daughter about 1½ years of age, traveled in

the 1952 Pontiac sedan of appellant from Minnesota to the home of Mrs. Veris. Appellant, his wife, appellee, her daughter, a sister of appellee, Mrs. Hines, and her daughter, left the home of Mrs. Veris July 30 to proceed on a trip to the home of the parents of appellee's husband at Johnson. They traveled eastward on U. S. Highway No. 3. Appellant was the driver of the car. His wife was to the right of him and she had the infant daughter of Mrs. Hines in her care. Mrs. Hines was seated on the left side of the rear seat and appellee and her daughter occupied the right of that seat. It was a clear, quiet, dry, hot, summer day. Visibility was good. The surface of the highway was "blacktop" about 26 feet wide. There was, at the place of the accident, a gradual slope from the part of the road that was surfaced downward until it leveled off about 4 feet lower than the traveled portion of the road. The speed of the car immediately before the accident was estimated by appellant at about 50 miles an hour. The opinion of appellee was that the speed of it was "around 60" miles an hour. The trip from its origin to about 13 miles west of Beatrice was uneventful, and there was no objectionable act or omission in the manner of the operation of the automobile by appellant and no complaint or criticism concerning it.

At about the place west of Beatrice mentioned above the infant granddaughter being cared for by her grandmother was on her lap or partly thereon and partly on the front seat of the car. She was in some manner suddenly precipitated forward and downward onto the floor and right foot of appellant. Appellant immediately removed his hands from the steering wheel and reached down in an attempt to rescue the child. His left wrist caught on some part of the car under the instrument panel and it was held in such a way and so firmly that appellant could not relieve himself from it or get up from his then position. His left wrist was injured by the happening sufficiently that it exhibited

.a scar at the place of injury at the time of the trial. Appellant from the time he reached for the child until the accident could not see the highway or the direction the car was traveling. The speed of the car was not retarded, the brakes were not applied, and appellant does not know whether or not his foot remained on the accelerator. The situation of appellant during that time was such that he could not control himself or the car. The car was "pretty well to the right shoulder" when appellant reached down to get the child. The distance from where the car left the traveled portion of the road to the tree which the car struck was 107 feet. The car came to rest 12 feet east of the tree and it was 15 feet south of the edge of the highway. The bark on the tree where the car struck it was injured for 4 or 5 feet above the ground. The car was demolished. Mrs. Holz, Mrs. Ottersberg, and her daughter were thrown clear of the car. Mrs. Holz was killed and Mrs. Ottersberg had multiple serious injuries. Appellant was pinned in the car and was removed by men who arrived after the accident. The infant child of Mrs. Hines was found after the accident under the instrument panel of the car. Mrs. Hines was in the back of the car.

The evidence in this case is free from conflict. The record exhibits only one set of facts. The question whether or not the proof sustains a finding that appellant was guilty of gross negligence that was the proximate cause of the accident complained of in this case is one of law. In Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184, it is said: "When evidence is resolved most favorably toward the existence of gross negligence, and thus a fixed state of facts had, the question of whether or not such facts will support a finding of the existence of gross negligence is a question of law." See, also, Cunning v. Knott, 157 Neb. 170, 59 N. W. 2d 180. Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It indicates

the absence of even slight care in the performance of a duty. Born v. Estate of Matzner, *supra*.

Appellant was driving his automobile in a proper and legal manner. His wife was riding with him in the front seat of the car. His 10-month-old grandchild was with them in the care of her grandmother. The child was suddenly precipitated onto the floor of the car and the right foot of appellant. The record does not give the cause of this. Probably no one knows. The grandmother was killed in the accident immediately following this happening. The grandfather quite naturally and impulsively attempted to recover the child to protect her from danger and harm. In doing so he released his grasp of the steering mechanism of the car and reached both hands down and under the front part of the body of the car. His left wrist was caught on something in such a manner he could not get loose, control himself, recover the child, or control the car. He could not see the highway on which the car was traveling or the course it took. The brakes were not applied and the speed of the car was not decreased. When appellant was asked if he did anything to reduce the speed when he attempted to recover the child he explained "Well, I don't know how I could, I had no control." It may be added in his situation he did not have the ability to retake control of the car. Appellant could not estimate the duration of the short time between when he reached for the child and when the car struck the tree, but he did say he did not look up in the interval because "The crash was too quick." When he reached for the child the car was on the south side of the road very near to the south shoulder. It traveled 107 feet after it left the road to and struck a tree. This is what caused the damage. If the car was traveling 50 miles an hour as appellant estimated it went the distance from the road to the tree in slightly less than 1½ seconds. If the speed was 60 miles an hour as appellee thought the time for this operation was slightly more than 1 second. If there

was gross negligence that caused the accident, injuries, and damage it must be found in these undisputed facts.

Johnson v. Jastram, 155 Neb. 376, 52 N. W. 2d 245, considered the following: William Parenti who was killed in the accident involved in the case was riding as a guest in the car of Jastram, the appellant. The speed of the car was 50 to 55 miles an hour. The deceased told appellant there was a wasp or yellow jacket in the car; that it had stung the deceased; and that it was then on appellant. He removed his right hand from the steering wheel of the car he was driving, his eyes from the road, and struck at the insect. These things occurred in a very short time. While they were happening the right wheels of the car left the pavement of the road to the right about 50 feet north of a bridge as they traveled south. Appellant looked up and saw the bridge before the car struck it, but not in time to turn or stop the car. It struck the north end of the west abutment of the bridge and the deceased was killed. The judgment for the representative of the deceased was reversed and recovery denied. Therein it is said: "It is true that there was a loss of control, a failure of proper lookout, and a leaving of the hard surface of the highway, and that if there had been no failure in these respects there would have been no accident. These failures however are not sufficient upon which to base a conclusion that there was evidence upon which to submit the issue of gross negligence to a jury. * * * These failures were set in motion by the distracting remarks and actions by plaintiff's decedent. * * * This court has repeatedly held that momentary inattention such as is described in the evidence in this case does not amount to gross negligence. This is true even where the inattention is purely voluntary and is in nowise induced or contributed to by a distracting influence. * * * Therefore unless this court is prepared to depart from its previous holdings and decisions in cases bearing comparable analogies to the facts in this case it becomes necessary to

say as a matter of law that the evidence in this case was not sufficient upon which to submit the question of gross negligence within the meaning of the guest statute to a jury. We are not prepared to so depart." See, also, Lemon v. Hoffmark, 132 Neb. 421, 272 N. W. 214; Black v. Neill, 134 Neb. 764, 279 N. W. 471; Gohlinghorst v. Ruess, 146 Neb. 470, 20 N. W. 2d 381.

Copeland v. Russell, 290 Mass. 542, 195 N. E. 541, is confidently relied upon by appellee. She characterizes it as the "closest to the facts of the instant case that we have been able to find * * *." Nancy Copeland, the plaintiff in that case, was slightly more than 3 years of age. The defendant with the consent of the mother of the child took her for a ride in his automobile. While defendant was driving the car he removed his hands from the steering wheel and reached around to the back to help the plaintiff get from the back into the front seat. The next thing he knew was that he was lying in the road with the plaintiff in his arms. The car ran uncontrolled into a tree on the side of the road. The car was badly damaged and plaintiff suffered personal injuries. The trial court entered a verdict for defendant. The reviewing court sustained exceptions of plaintiff to the action of the trial court on the ground that a finding of gross negligence was warranted. There was in that case no evidence of any fact or happening constituting a distracting influence that caused or contributed to the inattention of defendant to the operation of the motor vehicle. The act of defendant complained of was voluntary and deliberate, and not occasioned by anything sudden, unusual, disturbing, or distracting. What has been said of that case is true of other cases cited by appellee on this subject. There are three additional Massachusetts cases and three cases from other jurisdictions. They are distinguishable from the case now being considered, but if it is thought that they are not it is appropriate to observe that in that view they

are contrary to the settled doctrine of this court on the subject and they cannot be controlling.

Reference is made by appellee to 4 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. ed.), § 2327, p. 422. It contains the following: "Gross negligence, or reckless and heedless misconduct, cannot be predicated upon a momentary distraction of attention by some matter of direct and immediate concern to the driver."

The record convincingly shows that the accident was due to the fact that the attention of appellant was momentarily distracted from the operation of the car because of a not unnatural reaction to the plight of his infant granddaughter. The situation shown by the proof may not reasonably be held to disclose the absence of slight care in the performance of the duty of appellant to appellee. The evidence does not show that appellant was guilty of gross negligence within the meaning of the guest statute.

The judgment of the district court is reversed and the cause is remanded with directions to the district court to render and enter a judgment in favor of appellant and against appellee notwithstanding the verdict of the jury.

REVERSED AND REMANDED WITH DIRECTIONS.