IN RE ESTATE OF ALBERT D. BRADNER, DECEASED.
AGNES ROBINSON, APPELLANT, v. LEONARD A. HAMMES, EXECUTOR OF THE ESTATE OF ALBERT D. BRADNER, DECEASED, APPELLEE.

114 N. W. 2d 730

Filed April 27, 1962. No. 35151.

*Fitzgerald, Hamer, Brown & Leahy* and *Lyle E. Strom,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda* and *Robert A. Skochdopole,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action growing out of an accident which occurred at the intersection of U. S. Highway 275-30 Alternate, also known as West Dodge Highway, and Douglas County Road 275 in Douglas County, Nebraska, between an automobile operated by Albert D. Bradner and a truck operated by one Adam Becker, on January 1, 1959, at about 5 p.m. Bradner died as a result of the accident and Agnes Robinson was injured thereby. On June 2, 1959, after the death of Bradner, Agnes Robinson filed a claim against his estate for damages for personal injuries and property damage. Leonard A. Hammes is executor of the estate.

The executor filed objections to the claim. The claim was disallowed. An appeal from the order of disallow-

ance was taken to the district court by Agnes Robinson. She will be referred to hereinafter as plaintiff. The estate and the executor will be referred to as defendant.

The plaintiff, on October 22, 1959, filed a petition in the district court charging that the injuries and damages she sustained were caused by grossly negligent acts and omissions of Albert D. Bradner, the defendant's deceased. The acts and omissions charged were that Bradner failed to maintain a reasonable lookout for traffic on West Dodge Highway at the time he approached the intersection when he knew or in the exercise of reasonable care should have known of the presence of the truck operated by Adam Becker; that he failed to bring his automobile to a stop in obedience to a stop sign which directed him to stop before entering West Dodge Highway, which failure was a violation of the laws of the State of Nebraska; and that he failed to heed the warning by the plaintiff of the approach of the truck, and in failing to bring his automobile to a stop in response thereto in obedience to the laws of the State of Nebraska.

By amendment to the petition plaintiff made other charges of negligence as follows: That Bradner failed to yield the right-of-way to the truck in violation of the laws of the State of Nebraska; that he failed to make a timely sounding of his horn when to have done so might or would have avoided the accident; and that he drove his automobile at a rate of speed which under the circumstances was greater than was reasonable and prudent, having regard for the conditions then existing.

The defendant filed an answer which, to the extent necessary to state herein, contained a denial of the charges of negligence made against Bradner by the plaintiff.

The case was tried to a jury and a verdict was returned in favor of the plaintiff and against the defendant for $13,228.71. Judgment was rendered on the verdict. A motion for judgment notwithstanding the ver-

dict or in the alternative for a new trial was filed. The verdict and the judgment were vacated and set aside "in accordance with the defendant's motion for directed verdict at the close of all the evidence." From this order vacating the judgment the plaintiff has appealed.

There is no material dispute as to the controlling facts in this case. The question is that of whether or not on the evidence which was adduced, and not denied except by pleading, it could be said it was sufficient to sustain a verdict of gross negligence, within the meaning of the law, against the defendant. The defendant adduced no evidence on the trial.

It is clear that the plaintiff at the time in question was a guest in the automobile of Bradner. It is of course true that under the terms of section 39-740, R. R. S. 1943, as follows, the plaintiff may not recover unless Bradner was guilty of gross negligence: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of such motor vehicle being under the influence of intoxicating liquor or because of the gross negligence of the owner or operator in the operation of such motor vehicle. * * *."

The pertinent evidence substantially is that on January 1, 1959, the plaintiff left Waterloo, Nebraska, as a guest passenger in an automobile operated by Bradner. There was another guest passenger, by name Mabel Sholseth, riding in the automobile. The three occupied the front seat. Bradner was in the left or driver's seat, the plaintiff was seated next to him, and the other person was on the right side. As they left Waterloo they started west and then turned onto a road extending in a southerly direction toward West Dodge Highway. The half mile extending north from West Dodge Highway is straight, level, and at right angles to West Dodge Highway. The view to West Dodge Highway and for a considerable distance to the east is open and

unobstructed. The surface is referred to as black-top. This is a county road. To the north and 32 feet back from the north edge of the paving on West Dodge Highway, on the west side of this road, is a regular highway stop sign. West Dodge Highway is a four-lane U. S. highway, two lanes for eastbound and two lanes for westbound traffic. It extends westward from Omaha, Nebraska, and has a traffic load heavier than does any other highway from the west entering and leaving that city.

At about 5 p.m., Bradner approached this intersection from the north. His speed, according to an estimate of a witness, was from 30 to 40 miles an hour. At about the same time Adam Becker was operating a semitrailer truck westward on West Dodge Highway in the outside lane at about 50 miles an hour. He saw Bradner's automobile approaching from the north and, assuming Bradner would stop before entering the intersection, did not substantially reduce his own speed. Visibility was good and the roads were in good condition at the intersection. There is evidence that Bradner reduced his speed from the previously indicated speed of from 30 to 40 miles an hour to a variously estimated speed of from 10 to 25 miles an hour. There is no evidence that he ever attempted to stop, none that he sounded his horn, and none that he attempted to turn aside to avoid a collision with the truck of Becker.

The location of the automobile and the truck with relation to the intersection is not made certain. It is made certain that the truck was seen when Bradner's automobile was as much as a block to the north. Bradner was addressed as "Brad." When he and his guests were about a block away the witness Sholseth said to the plaintiff: " 'Agnes, does Brad see that truck coming?' " There was no response from Bradner. The plaintiff addressed him directly: " 'Brad, do you see that truck coming?' " There was no reply. The witnesses said that he did reduce the speed but looked

straight ahead and drove the automobile past the stop sign across the path of the truck.

The consequence was that when the truck driver saw that the automobile was not stopping he attempted to and did turn slightly to the left, and when the front of the automobile was probably past the centerline of the westbound lanes of West Dodge Highway and the rear end was off the north edge of the paving, the front end of the truck struck the left side of the automobile near its front end.

It is pointed out here that Bradner and his guests conversed freely on their way from Waterloo, and that from this a reasonable inference could flow that he could and should have, in the exercise of ordinary care, heard and heeded the warnings of his guests, and that for his failure so to do he was guilty of negligence.

If there was evidence of gross negligence the judgment notwithstanding the verdict in favor of the defendant is erroneous and it should be vacated and set aside, and the original judgment in favor of the plaintiff should be restored.

There is no fixed rule for the ascertainment of what is gross negligence. What amounts to gross negligence depends upon the facts and circumstances of each particular case. See, Swengil v. Martin, 125 Neb. 745, 252 N. W. 207; Covey v. Anderson, 130 Neb. 702, 266 N. W. 595; Montgomery v. Ross, 156 Neb. 875, 58 N. W. 2d 340; Pester v. Nelson, 168 Neb. 243, 95 N. W. 2d 491.

As to the determination upon whether or not negligence is gross, this court has said: "In an action for gross negligence under the automobile guest statute, where there is adequate proof of negligence, a verdict should be directed for defendant only where the court can clearly say that it fails to approach the level of negligence in a very high degree under the circumstances. In all other cases, it must be left to the jury to determine whether it amounts to gross negligence or to mere ordi-

nary negligence." Smith v. Damato, 172 Neb. 811, 112 N. W. 2d 21. See, also, Thompson v. Edler, 138 Neb. 179, 292 N. W. 236.

A general definition by this court is the following: "Gross negligence, within the meaning of section 39-740, R. S. 1943, means negligence in a very high degree, or the absence of even slight care in the performance of a duty." Sautter v. Poss, 155 Neb. 62, 50 N. W. 2d 547. See, also, Pavlicek v. Cacak, 155 Neb. 454, 52 N. W. 2d 310.

Whether or not there was evidence upon which to submit the question of gross negligence to a jury depends upon the proper conclusions and inferences to be drawn from the facts in the light of the legal principles which have been set out herein. Conclusions related to the charges of negligence which find support are that Bradner failed to maintain a reasonable lookout; that he failed to bring his automobile to a stop in obedience to a stop sign in violation of the laws of the State of Nebraska; that he failed to heed a warning by the plaintiff; that he failed to yield the right-of-way; and that he failed to sound the horn on his automobile.

A further conclusion is that there was no evidence of any other act on the part of Bradner which could be said to amount to an effort to avoid the collision between the two vehicles.

In the light of this it must be said that there was evidence on which to submit the question of gross negligence of Bradner to the jury, and for the jury to find that he was guilty of negligence in that degree. Accordingly the order of the court rendering judgment notwithstanding the verdict in favor of the defendant and against the plaintiff was erroneous.

The order of the court vacating the judgment in favor of the plaintiff and in rendering judgment in favor of the defendant notwithstanding the verdict is vacated and set aside, and the cause is remanded to the district

court with directions to reinstate the original judgment in favor of the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.