MEREDITH COLE, BY MYRTLE COLE, HIS MOTHER AND NEXT FRIEND, APPELLEE, V. ARTHUR R. WENTWORTH III ET AL., APPELLANTS.

121 N. W. 2d 567

Filed May 17, 1963. No. 35425.

Charles E. McCarl, for appellants.

Jack H. Hendrix and Bosley & Bosley, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This action as originally instituted was one for damages by Meredith Cole by Myrtle Cole, his mother and next friend, plaintiff and appellee, against Arthur R. Wentworth III and Arthur R. Wentworth, Jr., defendants and appellants. At the time the action was instituted the plaintiff was a minor and was living with his parents in Trenton, Hitchcock County, Nebraska. In the action the plaintiff filed a petition charging that the plaintiff was injured and damaged as the result of a collision between an automobile in which the plaintiff was riding and which was being operated by the defendant Arthur

R. Wentworth III and which was owned by Arthur R. Wentworth, Jr., the other defendant. The action was pleaded in two causes of action. The first was for damages directly to plaintiff as a minor. The second was for damages due and to become due to Roy F. Cole and Myrtle Cole, parents of the plaintiff, for cost of present and future medical and hospital services, for care of the plaintiff, and for the loss of services to which they would have become entitled, which cause of action was assigned to the plaintiff.

An answer was filed to the petition by the defendants which was responded to by a general denial.

On the issues joined by these pleadings a trial was had to a jury. The jury returned a verdict in favor of the plaintiff and against the defendants on the first cause of action for $2,500 and on the second for $3,500. Motion for new trial or in the alternative for judgment notwithstanding the verdict was duly filed by the defendants. The motion as to the verdict on the first cause of action was overruled and judgment was rendered in favor of plaintiff for $2,500. As to the second cause of action the court found that the verdict exceeded the amount proved by $1,030 and the plaintiff was granted permission to file a remittitur in that amount. By the judgment on this cause of action the plaintiff was awarded judgment in the amount of $2,470 conditioned upon his filing a remittitur in the amount of $1,030 within 10 days, and if he failed to file the remittitur a new trial on this cause of action was ordered.

Whether or not the remittitur was filed is not disclosed by the record. This however has no determinative significance in the appellate proceeding since the appeal here relates only to the first cause of action. It is set forth for the sole purpose of a comprehensive presentation and understanding because of its relation to the questions involved on this appeal.

From the judgment on the verdict returned in the first cause of action the defendants have appealed. There

are but two assignments of error set forth in the brief as grounds for reversal. They are that the court erred in overruling the motion of the defendants for a directed verdict at the close of plaintiff's evidence and renewed at the conclusion of all the evidence, and that the court erred in overruling the motion of the defendants to set aside and vacate the verdict of the jury and enter judgment for the defendants notwithstanding the verdict as to plaintiff's first cause of action. As already indicated, the concern here is with the first cause of action, therefore hereinafter, unless otherwise pointed out, the discussion shall be treated as having reference only to the first cause of action.

The petition by which the action was commenced contains allegations which in pertinent summary are as follows: On December 12, 1959, the plaintiff Meredith Cole was an invited guest riding in a 1954 Ford automobile owned by the defendant Arthur R. Wentworth, Jr., and operated by the defendant Arthur R. Wentworth III; that Arthur R. Wentworth, Jr., is the father of Arthur R. Wentworth III and that the automobile in question was a family automobile and was used by Arthur R. Wentworth III for general family purposes; that about 9:40 p.m. on the date mentioned the defendant Arthur R. Wentworth III with the plaintiff as an invited guest riding on the right side of the rear seat and two other guests, one riding on the left side of the rear seat and one riding on the right side of the front seat, drove the automobile southwesterly out of Trenton, Nebraska, and when he was about 2.2 miles southwest of Trenton this automobile collided with a 1957 Plymouth automobile being operated by one Gary L. R. Hedke in the opposite direction; and that as a result of the collision the plaintiff was seriously injured and damaged. It is alleged that the collision and the damage were caused by the gross negligence of the defendant Arthur R. Wentworth III. Specifications of alleged gross negligence contained in the petition are unlawfully driving

to the left of the center of the highway generally and while going around a curve; failing to turn the automobile to the right of the center of the roadway on the approach of the Hedke automobile; driving the automobile at a speed greater than was reasonable under existing conditions; failing to decrease the speed of the automobile when approaching and going around a curve; failing to yield the right-of-way to the Hedke automobile; failing to keep a proper lookout for traffic on the highway; and failing to signal the approach of his automobile by sounding his horn or otherwise.

There are allegations in the petition which declare the character of the injury and damage to the plaintiff as a result of the collision but a statement as to them herein is not required, since on the trial there was no contention that the plaintiff did not receive the injuries on account of which he seeks to recover damages in the action.

The answer contains brief reference to other matters, but in actuality, as is disclosed, the defense made at the trial was against the charge made in the petition that the defendant Arthur R. Wentworth III was guilty of gross negligence in the operation of the automobile in which the plaintiff was a guest.

The contention that the plaintiff was a guest and not a passenger for hire in the automobile operated by Arthur R. Wentworth III is not in question. Section 39-740, R. R. S. 1943, provides in part: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by * * * the gross negligence of the owner or operator in the operation of such motor vehicle."

As to what may be regarded as gross negligence this court has said: "There is no fixed rule for the ascertainment of what is gross negligence, but whether or not gross negligence exists must be determined from the

facts and circumstances in each case." Pester v. Nelson, 168 Neb. 243, 95 N. W. 2d 491. See, also, Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041; Schlines v. Ekberg, 172 Neb. 510, 110 N. W. 2d 49; Robinson v. Hammes, 173 Neb. 692, 114 N. W. 2d 730.

The general definition of such negligence is as follows: "Gross negligence within the meaning of the motor vehicle guest statute is great and excessive negligence or negligence in a very high degree. It indicates the absence of slight care in the performance of a duty." Holliday v. Patchen, 164 Neb. 53, 81 N. W. 2d 593. See, also, Pester v. Nelson, *supra;* Robinson v. Hammes, *supra.*

This court has said with regard to the question of whether or not gross negligence has been proved the following: "Ordinarily the question of gross negligence is one of fact for a jury, but if the evidence respecting it is not in conflict or is so conclusive that ordinary minds may not draw different conclusions therefrom the question is one of law for the court." Johnson v. Jastram, 155 Neb. 376, 52 N. W. 2d 245. See, also, Lincoln v. Knudsen, 163 Neb. 390, 79 N. W. 2d 716; Werner v. Grabenstein, 165 Neb. 231, 85 N. W. 2d 297.

At the time the incident occurred which is the basis of this action section 39-748, R. R. S. 1943, provided: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one half of the main traveled portion of the roadway as nearly as possible."

Section 39-746, R. R. S. 1943, provided, to the extent of importance here, as follows: "Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway * * * unless it is impracticable to travel on such side * * *."

In Robinson v. Hammes, *supra,* it was said: "In an action for gross negligence under the automobile guest statute, where there is adequate proof of negligence, a

verdict should be directed for defendant only where the court can clearly say that the evidence fails to approach the level of proof of negligence in a very high degree under the circumstances. In all other cases, it must be left to the jury to determine whether it amounts to gross negligence or to mere ordinary negligence."

The factual situation, to the extent necessary to relate it here, on which the determination must depend, summarized, is as follows: The plaintiff and Arthur R. Wentworth III, who were friends, in the evening of December 12, 1959, rode about for a time in the automobile operated by this defendant, and some time during the evening they picked up two young ladies who became passengers in the automobile. One of the ladies was seated in the front seat to the right of this defendant. The other was seated to the left of the plaintiff in the rear seat. They were at the time in Trenton, Nebraska. They started south on State Highway No. 25. There is no testimony from which it may be said with any degree of certainty that the automobile was being operated at an excessive rate of speed. There are estimates ranging from 40 to 50 miles an hour. There is no evidentiary contention or suggestion that it was being operated in violation of any statutory speed limit. The highway extends in a southwesterly-southerly direction from Trenton, Nebraska. After this defendant's automobile had gone about 2.8 miles on this highway it collided practically head-on with an automobile operated in the opposite direction by one Gary Hedke. The Hedke automobile was moving at an estimated speed of about 50 miles an hour. When the two automobiles collided they were within what was described as a sharp curve in the highway. From evidence based in part on measurement and in part on estimate it is made to appear that the traveled surface of the highway was slightly more than 23 feet. It appears that when the two automobiles collided the front end of this defendant's automobile was about 5 feet from its left

edge of the highway and the rear end about 4 feet, 5 inches. The right side was about 13 feet from the right side. The Hedke automobile was on its right side of the highway with its right side at the front about 2 feet, 8 inches, from the right edge and the rear about 1 foot, 4 inches, therefrom. Thus its left side was about 16 feet, 2 inches, from the right edge of this defendant's right side of the highway. There was no direct evidence as to this defendant's line of travel prior to the collision, and none from which a reasonable inference could flow that the location of his automobile did not indicate his line of travel before the collision.

It is not made certain that the operator of either automobile saw the other prior to the actual collision, but if either did it was not for more than 50 feet away.

The surface of the roadway at the point of collision was rough and where the vehicles were sitting the surface was gravel with some sand, and it was what is called "wash-boardy." The curve was sharp and there was a high bank making it difficult to see around from either direction and impossible to see across in either direction. No tracks were visible and there was no evidence of skid or brake marks.

There is no evidence that this defendant saw the Hedke automobile before the collision. There is evidence that the plaintiff saw headlights, but whether this was a beam from or lamps on the automobile is not made clear. The plaintiff and this defendant were apparently rendered unconscious and on that account were unable to give any descripton of what occurred. At the time it appears that the plaintiff was engaged in receiving and placing the coat of the lady in the front seat above the back seat of the automobile, and on that account did not have an opportunity to see the approach of the other automobile.

On the evidence thus summarized and the legal principles set out here, the question of whether this defendant was guilty of gross negligence which should have

been submitted to a jury for determination, or if it was one for determination as a matter of law in favor of the defendants, is presented.

The evidence discloses without dispute that this defendant was operating the automobile in violation of the statutory provisions referred to herein. Also there is no evidence of justification or excuse therefor. The evidence is sufficient to sustain a finding that he was not exercising care and caution essential to the protection of himself, the occupants of the automobile, and vehicles properly approaching from the opposite direction.

It cannot therefore be said that the jury could not properly find that he was guilty of negligence which was the proximate cause of the collision. It appears also that under the definitions announced by this court that the jury could also find that the negligence was gross. There is no evidence of emergency, or momentary inadvertence, or of anything discussed in the reported cases which would be the basis for saying that it was improper for a jury to find that this defendant was guilty of gross negligence

The evidence was of either a willful violation of safety statutes and rules conformance with which is recognized as essential in the operation of automobiles on the highways, or an inexcusable failure to recognize and conform to such statutes and such rules.

The judgment of the district court is therefore affirmed.

AFFIRMED.