DIANE BOISMIER, A MINOR, BY AND THROUGH ARTHUR L. BOISMIER, HER FATHER AND NEXT FRIEND, APPELLEE, V. VINCENT MARAGUES ET AL., APPELLANTS.

126 N. W. 2d 844

Filed March 6, 1964. No. 35587.

Joseph P. Cashen, Donald E. Parker, and Kennedy, Holland, DeLacy & Svoboda, for appellants.

Martin A. Cannon and S. Caporale, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action set forth in two causes of action by Diane Boismier, a minor, by her father and next friend, plaintiff, appellee here, against Vincent Maragues and Vincent J. Maragues, Jr., defendants, who are appellants here. The first cause of action is for damages for personal injuries to the plaintiff. The second is for medical and hospital expenses. The basis of the action is alleged gross negligence on the part of the defendant Vincent J. Maragues, Jr., in the operation of an auto-

mobile belonging to Vincent Maragues, his father, which was being used at the time as a family purpose automobile, in which the plaintiff was at the time involved here riding as a guest passenger.

The case was tried to a jury and a verdict was returned in favor of the plaintiff on the first cause of action for $5,000 and on the second for $440.

Judgment was rendered on the verdict in favor of the plaintiff. Motion for new trial or in the alternative for judgment notwithstanding the verdict was filed. This motion was overruled and the defendants have appealed.

It is pointed out here that on this appeal the defendants do not contend that this was not a family purpose automobile or that at the time it was not being used as such, or that if there was liability on the part of the operator that the owner would not be also liable. It is further not contended that the plaintiff was not within the meaning of law a guest passenger in the automobile. Also the size or amount of the verdict is not a matter for consideration by the court on this appeal.

The only basically controverted question presented by the appeal is that of whether or not the evidence adduced at the trial was sufficient proof of gross negligence on the part of the defendant Vincent J. Maragues, Jr., to require the submission of that question to a jury for determination.

The defendants contend that it was not so sufficient and for that reason they assert by their assignments of error that the court erred in refusing to direct a verdict in favor of defendants and to dismiss the action at the close of plaintiff's case; that the court erred in overruling defendants' motion for a directed verdict or in the alternative for a dismissal made at the close of all the evidence; and that the court erred in overruling defendants' motion for a new trial or in the alternative for a judgment notwithstanding the verdict.

As a guest passenger the plaintiff could recover on her pleaded causes of action only in case of establish-

ment of gross negligence on the part of the operator of the automobile in which she was a passenger. Her rights are declared by section 39-740, R. R. S. 1943. The statute contains no definition of the meaning of "gross negligence" as the term is employed in the statute. From the numerous instances wherein the meaning has been considered and discussed only a general conclusion has been reached. That conclusion is that the matter is one for application to the common understanding of "gross" in relation to negligence.

In Holliday v. Patchen, 164 Neb. 53, 81 N. W. 2d 593, it is said: "Gross negligence within the meaning of the motor vehicle guest statute is great and excessive negligence or negligence in a very high degree. It indicates the absence of slight care in the performance of a duty."

In Robinson v. Hammes, 173 Neb. 692, 114 N. W. 2d 730, it is said: "What amounts to gross negligence must be ascertained from the facts and circumstances of each particular case, and not from any fixed definition or rule."

The plaintiff predicates her causes of action on the following charges of gross negligence against the defendant driver: In driving the automobile at a highly dangerous and excessive rate of speed under the circumstances; in failing to slow down at the approach of a dangerous intersection when the defendant driver knew of the existence of the dangerous intersection; in failing to have his automobile under proper control; in failing to keep a proper lookout; and in failing to apply his brakes in time to avoid a collision when he had ample opportunity to do so.

The defendants contend that the defendant driver was not guilty of gross negligence in any of the respects asserted by the plaintiff, and that there was no question of fact for submission to a jury and that accordingly they are entitled to a judgment in their favor notwithstanding the verdict.

The rule of law which is the basis for this contention

is stated in Holliday v. Patchen, *supra,* as follows: "When the evidence is resolved most favorably toward the existence of gross negligence and the facts thus determined, the question of whether or not they support a finding of gross negligence is one of law." The substance of this rule is repeated in the following cases: Montgomery v. Ross, 156 Neb. 875, 58 N. W. 2d 340; Robinson v. Hammes, *supra;* Cole v. Wentworth, 175 Neb. 325, 121 N. W. 2d 567.

A summary of the pertinent evidence in the record in proof of the charge of gross negligence against the defendants is the following: On the evening of March 30, 1962, the defendant Vincent J. Maragues, Jr., was engaged in the operation of a 1950 Dodge automobile belonging to the defendant Vincent Maragues, his father. This was with the consent of the father and it was being operated in the status of a family purpose automobile. At the time the plaintiff was riding with the defendant Vincent J. Maragues, Jr., as a passenger in the front seat. The rear seat was occupied by a young man and two young ladies. They went for a drive to an area west of the populous portion of Omaha, Nebraska. The area was somewhat familiar to this defendant. In this area is a street known as One Hundred Forty-Fourth Street which extends north and south. The entire area involved was unlighted. Extending westward but not eastward from One Hundred Forty-Fourth Street is a street known as F Street. Each was a two-lane street. The surface of each was described as black-top. The surface was comparatively even and F Street was practically level westward from One Hundred Forty-Fourth Street for at least three-fourths of a mile. At about 11 p.m. this defendant entered F Street some distance to the west of One Hundred Forty-Fourth Street, at least three-fourths of a mile, and proceeded in an easterly direction. The plaintiff adduced no evidence as to the speed of the eastward movement. About 10 feet east of the east curb line of One Hundred Forty-Fourth Street

and at a point which would have been about the center of F Street if it had been extended was a sign about 2 feet square indicating that F Street did not extend eastward beyond One Hundred Forty-Fourth Street. The sign was yellow with two arrows, one pointing north and one south. It had no illumination qualities. There is evidence the effect of which is that the arrows could be seen when exposed to the rays of automobile lights earlier than the yellow background. There was evidence that it could be seen about 1,500 feet. There was evidence that there was a sign alongside F Street which indicated a stop ahead but where it was located was not clearly disclosed. It was not illuminated in any way. There was evidence that there was a regular stop sign at the intersection of One Hundred Forty-Fourth and F Streets which was placed about 15 feet back west of the intersection and on the south side. It was not illuminated. As indicated there are given distances in relation to objects in the evidence on behalf of the plaintiff but these are estimates and not measurements made at the time or thereafter. Testimony as to distances in the case does not depend upon measurements, except in one instance, but only on estimates. Attention will be called to this instance later herein.

On the evening of the date involved it had rained, but prior to the accident the rain had ceased and at the time the air had cleared. The road was wet but there was no obstruction to vision ahead as this defendant operated the automobile eastward on F Street. He was driving at the time of the accident on the right or south side with the left wheels about 1 foot to the north of the center. The only evidence of speed on the eastward movement was an estimate made by this defendant which was 40 miles an hour. While the automobile was being operated as described the attention of this defendant was attracted to the intersection but he was unable to stop and instead he drove across One Hundred

Forty-Fourth Street and into a ditch on the east side thereof where the automobile came to rest.

There is no evidence in the testimony of any witness wherein complaint is made of the conduct of this defendant in his control and operation of the automobile. There is no complaint relating to the conduct of any of the occupants of the automobile. This defendant testified that he was at the time keeping a lookout ahead, and that he put on his brakes to stop as soon as he recognized danger ahead. The testimony of other witnesses indicated that his efforts caused the automobile to skid 108 feet. This is the one instance of measured distance mentioned above. The evidence indicated that the defendant had some previous knowledge of this intersection but at the time did not remember it.

The automobile was in good operating condition with good brakes and lights, and at the time the lights were on high beam.

From the evidence here summarized the answer must flow to the question of whether or not this was a case requiring a determination by the jury as to the existence or nonexistence of gross negligence, or by the court as a matter of law.

Already herein are set forth the general definitions of gross negligence within the meaning of the statute. The rule is that in each case the existence or nonexistence of gross negligence must be ascertained from the facts of each particular case, and that in case of doubt the existence of evidence as to gross negligence must be resolved in favor of its existence in which event the question is for the jury, otherwise it is one of law for the court.

As is made apparent by the cases on the subject, the line of demarcation between gross and ordinary negligence is not always clear. The cases however are clear in their declaration that negligence to be gross must be great or excessive; must be in a very high degree; not alone a momentary distraction of attention; and not alone the

absence of slight care in the performance of a duty. See, Bishop v. Schofield, 156 Neb. 830, 58 N. W. 2d 207; Ottersberg v. Holz, 159 Neb. 239, 66 N. W. 2d 571; Holliday v. Patchen, *supra;* Pester v. Nelson, 168 Neb. 243, 95 N. W. 2d 491; Cole v. Wentworth, *supra.*

It does not appear out of place to express the view that, in instances of use of words having an elastic significance such as is true with the term "gross" as used in this statute, the court within reasonable limits should properly be permitted to as a matter of law declare the meaning and effect of such words. The effect of the diction of the decisions of this court is to say that the courts do have this right in cases coming within the purview of the statute being considered herein.

In the light of what has been said the burden is on the plaintiff in order to have sustained the judgment which she received in the district court to demonstrate by the record here that her evidence was sufficient to have submitted to a jury the question of gross negligence of the defendants in one or more of the five particulars charged in her pleaded causes of action.

The answer which flows from the record is that the evidence was not so sufficient. It may not be said that the rate of speed under the circumstances could have amounted to gross negligence. It may not be said that the approach to the intersection could have amounted to gross negligence. It may not be said that a proper lookout was not maintained. It may not be said that the control exercised could have amounted to gross negligence. Finally it may not be said the failure to apply the brakes under the circumstances could have amounted to gross negligence.

In the light of the record made the defendants were entitled to have their motion for judgment notwithstanding the verdict sustained and to a judgment dismissing the plaintiff's action.

The judgment of the district court in favor of the plaintiff and against the defendants is reversed and the

cause remanded to the district court with directions to sustain the motion of the defendants for judgment notwithstanding the verdict, and for dismissal of plaintiff's action.

REVERSED AND REMANDED WITH DIRECTIONS.