JOSEPH DEMONT, BY AND THROUGH HIS FATHER AND NEXT FRIEND, DONALD M. DEMONT, APPELLEE, V. STEVEN MATTSON ET AL., APPELLANTS.
196 N. W. 2d 190

Filed April 7, 1972. No. 38178.

Harold W. Kauffman and Eugene P. Welch of Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellants.

Warren C. Schrempp, J. William Gallup, and Richard J. Dinsmore of Schrempp & Bruckner, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Plaintiff Joseph Demont brought this action to re-

cover damages for personal injuries suffered on December 2, 1966, while a guest passenger in an automobile driven by the defendant Steven Mattson. The accident occurred about 10:30 p.m., on a road in Sarpy County, Nebraska, called Camp Gifford Road but known locally as Roller Coaster Road. It was alleged the accident and injuries were caused by the gross negligence of the defendant Steven Mattson. The defendant Harris Mattson is the father of Steven Mattson and it is alleged that the negligence of Steven is imputed to him by virtue of the family purpose doctrine. At the time of the accident Steven was 18 years of age and a senior in high school. The plaintiff was 15 years of age and a freshman in high school and had never driven a car. Three other boys were in the car, two age 15 and one age 13, and two of these testified in the case. The plaintiff occupied the front seat with Steven. The jury returned a verdict for the plaintiff and the defendants appeal.

The errors assigned on appeal involve the following issues: (1) Was the evidence sufficient to permit the submission to the jury of the question of Steven's gross negligence; (2) did Joseph as a matter of law assume the risk of injury; (3) was the trial court correct in not submitting to the jury the question of Joseph's contributory negligence; (4) was the trial court correct in imputing as a matter of law the negligence of Steven to Harris Mattson; and (5) were there errors in the instructions to the jury.

The main question presented is the sufficiency of the evidence to support a jury verdict of gross negligence on the part of Steven. This court has always recognized that the statutory concept of gross negligence can be expressed only in abstract terms. Boismier v. Maragues, 176 Neb. 547, 126 N. W. 2d 844. It has not always defined gross negligence as that term is used in section 39-740, R. R. S. 1943, in the same way. Gross negligence within the statute is not necessarily wanton, willful, or intentional disregard for a guest's safety. Sterns

v. Hellerich, 130 Neb. 251, 264 N. W. 677. It has been said that the term means "the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others." Larson v. Storm, 137 Neb. 420, 289 N. W. 792. The definition which has now been settled upon and approved by the court in Nebraska Jury Instructions is: " 'Gross negligence' within the meaning of the automobile guest statute is great and excessive negligence, or negligence in a very high degree. It indicates the absence of even slight care in the performance of a duty." NJI No. 7.51. See, also, Olson v. Shellington, 167 Neb. 564, 94 N. W. 2d 20. Where several acts of negligence are supported by the evidence "no one act is to be segregated and weighed separately to determine whether or not it constituted gross negligence. Instead the several acts are to be considered as a whole." NJI No. 7.51. See, also, Olson v. Shellington, *supra;* Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184; Carley v. Meinke, 181 Neb. 648, 150 N. W. 2d 256.

This court has frequently reiterated in slightly varying language that whether gross negligence exists must be ascertained from the facts and circumstances of each particular case and not from any fixed definition or rule. Boismier v. Maragues, *supra.* In case of doubt or where reasonable minds might differ the evidence must be resolved in favor of the existence of gross negligence, in which case it is a question for the jury. Boismier v. Maragues, *supra;* Thorpe v. Zwonechek, 177 Neb. 504, 129 N. W. 2d 483; Olson v. Shellington, *supra.*

Where evidence has been submitted to the jury and the guest plaintiff receives a verdict then this court in determining whether the evidence supports the finding must resolve the evidence most favorably to the existence of gross negligence and when the facts are thus determined the inquiry whether they support the finding is one of law. Olson v. Shellington, *supra;* Paxton v. Nichols, *supra;* Holliday v. Patchen, 164 Neb. 53, 81

N. W. 2d 593. Whether given acts of negligence are gross or slight may depend upon the circumstances under which the acts or omissions occur. Paxton v. Nichols, *supra*. In accordance with the last two cited principles we summarize the facts which the jury could have found resolving them in the light most favorable to the findings of gross negligence. When we do this we conclude that the minds of reasonable men might differ as to whether the facts constitute gross negligence and therefore we find as a matter of law that the jury question was made.

The jury could have found: The trip to Roller Coaster Road was suggested by Steven because "It was different." The road itself is just what the term suggests, very hilly, very winding, and narrow. It is completely unlighted and made darker by surrounding woods. Immediately adjacent to the road edges were embankments or ravines. Some of the curves are very sharp and the hills very steep. It would be difficult for two cars to pass on the road and in places impossible. The road is completely unmarked by traffic control signs. The surface of the road was dirt, gravel, and crushed rock and in places washboardy. The surface of the road afforded an unsuitable base for quick stopping. The driver's view ahead was at times severely restricted by the hills and curves. Steven had driven over this road two or three times in daylight hours previously and was familiar with the general nature and condition of the road, but did not know it well enough to remember where all the curves were and had no very good idea how far ahead the beam of his headlights extended. The accident occurred after the trip down the road had proceeded for about a mile when Steven failed to see a curve and the car left the road, went into a ravine, and hit an embankment. The last 1,000 feet or 2 blocks preceeding the curve where the accident happened the road was straight but downhill. When the car passed the crest of the hill it was going 35 to 40 miles per hour and the

speed increased to about 50 miles per hour as it went down the hill. As it proceeded down the hill, "Stewart in the back seat told Steve that he had better slow down, that there was a curve up ahead." Steven replied he "had been down there before and that he knew what he was doing." The above exchange occurred about half way down the hill or 1 block to 500 feet before the curve. Steven later applied his brakes but not in time to make the curve. He had no real knowledge of how far he could see ahead but the headlights shone ahead for 150 to 200 feet. Pictures of the damaged vehicle were presented in evidence. These show an impact of severe degree. The medical evidence of the plaintiff's injuries also gave some indication of the severity of the impact.

The trial court was correct in submitting to the jury the question whether Steven was guilty of gross negligence proximately causing the accident and the plaintiff's injuries.

We now discuss the matter of the plaintiff's possible assumption of risk and contributory negligence. The evidence showed that the plaintiff had been on the road on one previous occasion and that the reason for going there on the night the accident occurred was because it presented a challenging and thrilling ride. In the light of the plaintiff's age and the fact that he did not drive a car we do not believe it can be said as a matter of law that the plaintiff "assumed the risk." The court properly submitted this question to the jury.

The court did not err in refusing to submit the question of whether the plaintiff was guilty of contributory negligence proximately causing his injuries. A passenger is not required to maintain the same lookout as the driver. There is nothing in the evidence to show that he was made aware of the particular danger before Steven was aware of it or that anything he could have done would or might have been effective in preventing the accident.

The evidence showed that the automobile in question was owned by the defendant Harris Mattson and his wife, that Steven resided with them and was a student, and that he was using the car on this occasion with his father's specific permission. There was no contradicting evidence on these points. The father is the head of the household as a matter of law. The trial court correctly instructed the jury that Steven's gross negligence if any was imputable to Harris Mattson. Piechota v. Rapp, 148 Neb. 442, 27 N. W. 2d 682; Thoren v. Myers, 151 Neb. 453, 37 N. W. 2d 725.

The defendants assert that instruction No. 9 was erroneous and that it conflicted with instruction No. 8 and would confuse the jury. We find no error in these instructions and they are in fact consistent with the principles we previously set forth in connection with the gross negligence issue. Instruction No. 8 is the standard gross negligence instruction. NJI No. 7.51. Instruction No. 9 is a stock instruction, NJI No. 2.03-I, on burden of proof in which the court inserted the adjective gross before the word negligence and the adverb grossly before the word negligent, and also in the instruction described the allegations of negligence which it found supported by the proof. The defendants' special complaint is that part of the instruction is "grossly negligent in *one or more* of the following particulars." (Emphasis supplied.) They claim it permits a finding of gross negligence on one of the alleged items alone. This is true but not erroneous. Instructions Nos. 8 and 9 must be construed together and with the other instructions. Whether gross negligence exists depends upon the facts and circumstances. Boismier v. Maragues, *supra.* One act of negligence may constitute gross negligence depending upon the circumstances. Some of the circumstances which may be considered are other negligent acts. Paxton v. Nichols, *supra.*

The defendants complain of instructions Nos. 13, 14, and 15. These are NJI Nos. 7.02, 7.03, and the first

paragraph of 7.03A absent the words "and he is negligent if he fails to do so." There was no error in these instructions. The jury was still required to find Steven grossly negligent. Instructions must be construed together.

There being no error in the record, the judgment is affirmed.

AFFIRMED.